## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN V. NORRIS,** | ) | |
| | ) | **No. 14 CV 2625** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Magistrate Judge Young B. Kim** |
| | ) | |
| | ) | |
| **CITY OF JOLIET, *et al.*,** | ) | |
| | ) | **January 9, 2017** |
| **Defendants.** | ) | |

### MEMORANDUM OPINION and ORDER

Before the court is Plaintiff John Norris's November 14, 2016 application for leave to proceed on appeal *in forma pauperis* ("IFP"). (R. 161.) His application is denied for the following reasons:

### Background

On September 7, 2016, Norris appealed this court's August 15, 2016 entry of judgment against him, (R. 131), as well as this court's denial of his first motion to reconsider the entry of judgment on August 23, 2016, (R. 134; R. 138). On October 17, 2016, Norris filed a motion for leave to appeal IFP with the Seventh Circuit, and the Seventh Circuit transferred Norris's motion to this court. (R. 153; see also R. 155; R. 156; R. 158.) This court initially denied Norris's IFP motion without prejudice on October 24, 2016, instructing him to submit a properly completed and certified application. (R. 155.) Then on October 31, 2016, the court received notice that Norris was no longer in custody at Will County Adult Detention Facility ("WCADF") and informed him that to proceed IFP on appeal, he should complete

and submit an IFP form with information about his current financial and employment situation. (R. 160.)

Norris submitted his IFP form on November 14, 2016, and upon review, the court noted that Norris reported under penalty of perjury that he received no income from any source whatsoever in the past 12 months. (See R. 161; R. 165.) However, the court observed that in previous submissions to the court, Norris indicated that he had in fact received funds within the past year through the WCADF Trust Fund Department, rendering the declaration in his application inaccurate. (R. 165.) The court gave Norris an opportunity to explain the discrepancy, and he filed a response on December 5, 2016. (R. 166.) In his response, Norris states that his mistake was inadvertent because he "did not think that his old inmate trust fund account activity had any materiality after he had been released" because "his financial situation changed." (Id. ¶ 3.) He also explained that he received about $50 per month from his family while in custody, and since being released, has been living with and caring for his elderly mother. (Id. ¶ 7.) He asserts that he did not intend to deceive the court. (See id. ¶¶ 8-11.)

## Analysis

Ordinarily, a federal litigant who cannot afford to pay court fees may proceed IFP, which means that he may commence a civil action or appeal a civil judgment without prepaying fees or paying certain expenses. *Coleman v. Tollefson*, 135 S. Ct.

1759, 1761 (2015) (citing 28 U.S.C. § 1915).  However, an inmate or detainee[1] is precluded from bringing a civil action or appealing a judgment in a civil action IFP if at least three of the inmate's or detainee's prior lawsuits have been dismissed as frivolous or malicious, or for failing to state a claim on which relief may be granted. 28 U.S.C. § 1915(g).[2]  The prisoner's entire action or appeal must be dismissed on an enumerated ground in order for the dismissal to count as one of the three "strikes." *Turley v. Gaetz*, 625 F.3d 1005, 1008-09 (7th Cir. 2010).

Norris has previously filed a number of lawsuits in this district, at least three of which were dismissed on one of the grounds enumerated in Section 1915(g).  In 2008, he filed a civil rights suit against a former Will County public defender. *Norris v. Jones,* No. 08 CV 847 (N.D. Ill. Feb. 8, 2008) ("Jones Action").  The court dismissed the Jones Action for failure to state a claim and for lack of federal subject matter jurisdiction, explicitly noting in its order that the dismissal would count as one of Norris's "three allotted dismissals under 28 U.S.C. § 1915(g)."  *Id.*, Dkt. No. 15 (June 19, 2008) (Guzman, J.).  Norris did not appeal the dismissal.

Then in 2011, Norris brought a civil rights suit against WCADF and several other defendants.  *Norris v. Will Cty. Adult Det. Facility, et al.*, No. 11 CV 1291 (N.D. Ill. Feb. 23, 2011).  The court in that case also dismissed Norris's complaint for failure to state a claim, and again expressly informed Norris that the dismissal

---

[1]  At the time Norris filed his complaint in this matter on April 10, 2014, he was a detainee at WCADF.  (R. 1 at 2.)

[2]  An exception exists when a prisoner is in danger of serious injury, but Norris has made no such contention here.  *See* 28 U.S.C. § 1915(g).

would count as another strike under Section 1915(g). *Id.*, Dkt. No. 5 (Feb. 28, 2011) (Kendall, J.). Norris appealed the dismissal, but his appeal was dismissed for failure to pay the required docketing fees. *Id.*, Dkt. No. 19 (July 21, 2011).

In 2014 Norris sued Walgreens and others for alleged civil rights violations. *Norris v. Walgreens, et al.*, No. 14 CV 3207 (N.D. Ill. April 30, 2014) ("Walgreens Action"). After Norris failed to appear at a status hearing in June 2015, the court dismissed the Walgreens Action for want of prosecution and, in the alternative, granted the defendants' pending motions to dismiss. *Id.*, Dkt. Nos. 42 & 43 (June 17, 2015) (Feinerman, J.). While the court there did not explicitly state that the dismissal counted as a strike under Section 1915(g), it entered judgment on the basis of defendants' motions to dismiss for failure to state a claim. *Id.*, Dkt. No. 43 (June 17, 2015); *see Boles v. Matthews,* No. 97-5874, 1999 WL 183472, at *2 (6th Cir. March 15, 1999) (finding that while dismissal for want of prosecution is not a strike, the district court's alternative finding that the complaint failed to state a claim was correct, constituting a strike). Norris did not appeal the judgment.

In 2015, Norris sued WCADF again along with Will County and other defendants, again alleging civil rights violations. *Norris v. Will Cty., et al.*, No. 15 CV 8973 (N.D. Ill. Oct. 8, 2015). After the case was initially dismissed for failure to comply with court orders, Norris moved to reinstate the case. *Id.*, Dkt. Nos. 7 (Dec. 9, 2015) & 14 (March 24, 2016). The court denied his request, but gave Norris an opportunity to "submit an amended complaint that states a valid claim," provide the court with an updated IFP application, and make an initial partial payment of the

filing fee for that case. *Id.*, Dkt. No. 14 (March 24, 2016) (Kendall, J.). Norris failed to do so by the court's appointed deadline, and brought no appeal of the dismissal. As was the case with the Walgreens Action, the court did not expressly state that the dismissal counted as a strike. But according to the Seventh Circuit, when a plaintiff "is told to amend his . . . complaint and fails to do so, the proper ground of dismissal is not want of prosecution but failure to state a claim, one of the grounds in section 1915(g) for calling a strike against a prisoner plaintiff." *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011). Therefore, this dismissal was also a strike under Section 1915(g).

At any rate, Norris recently accumulated another strike that was explicitly labeled as such. In *Norris v. Jewel-Osco, et al.*, No. 16 CV 8819 (N.D. Ill. Sept. 9, 2016) ("Jewel Action"), Norris's civil rights suit was dismissed with prejudice on November 8, 2016, for failure to state a claim. *Id.*, Dkt. No. 18 (Nov. 8, 2016) (Durkin, J.). The court in the Jewel Action stated in its order that the dismissal counted as a strike under Section 1915(g) and admonished Norris that he must "alert a federal court that he has been assessed three 'strikes' under [Section] 1915(g) when filing a new suit."[3] *Id.*

---

[3] Norris filed a motion to alter or amend the judgment in the Jewel Action, but the court denied the motion as it relates to the federal claims on December 1, 2016, and the case remains dismissed with prejudice as to those claims. *See Norris v. Jewel-Osco, et al.*, No. 16 CV 8819, Dkt. No. 24 (Dec. 1, 2016). Although Norris can appeal the entry of judgment, it still counts as a strike under Section 1915(g) until and unless the Seventh Circuit finds the dismissal improper. *See Coleman*, 135 S. Ct. at 1761.

Yet a week after Norris accrued his third explicit strike, notwithstanding the two additional dismissals (that this court is aware of), which likely bring his total strike-count to five, Norris filed the current IFP application without alerting this court to his status as a Section 1915(g) litigant. (R. 161.) The Seventh Circuit has warned in no uncertain terms that if litigants with at least three strikes seek permission to proceed IFP, doing so will lead to immediate termination of their suit with the filing fee remaining due. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). Granted, Norris filed his appeal in this case on September 7, 2016, before he was formally notified of his three-strike status. (R. 138.) Furthermore, Norris was warned by the court in the Jewel Action to alert the court when filing a new suit, not when filing an appeal. However, having now accumulated *at least* three strikes before his current application to proceed IFP on appeal, the court must deny his application.

It is worth noting that even looking beyond the requirements of Section 1915(g), the inaccuracies in Norris's IFP application—inadvertent or otherwise—indicate a disregard for the penalty of perjury and a certain nonchalance towards the privilege of proceeding IFP. *See Lofton v. SP Plus Corp.*, 578 Fed. Appx. 603, 604 (7th Cir. 2014) ("Proceeding in forma pauperis is a privilege, and courts depend on the plaintiff's honesty in assessing [his] ability to pay."). While the court acknowledges that Norris is a lay person who has brought this suit *pro se*, his extensive litigation history shows that Norris is an experienced litigant who has been admonished on numerous occasions to heed courts' orders, often to no avail.

*See, e.g., Norris v. Jewel-Osco*, No. 16 CV 8819 (N.D. Ill. Sept. 9, 2016) (Durkin, J.);
*Norris v. Wal-Mart*, No. 15 CV 8971 (N.D. Ill. Oct. 8, 2015) (Alonso, J.); *Norris v.
Will Cty. Police Officer Bartunek*, No. 15 CV 7306 (N.D. Ill. Aug. 19, 2015) (Gilbert,
J.); *Norris v. Walgreens,* No. 14 CV 3207 (N.D. Ill. June 17, 2015) (Feinerman, J.);
*Norris v. Baikie*, No. 14 CV 1652 (N.D. Ill. March 7, 2014) (Dow, J.).  In fact, on at
least one prior occasion he made errors in his IFP application similar to those he
made here.  *See, e.g., Norris v. Will County, et al.,* No. 15 CV 8973, Dkt. Nos. 6 (N.D.
Ill. Nov. 2, 2015) & 14 (March 24, 2016) (Kendall, J.) (dismissing case after Norris
failed to submit a complete and updated IFP application accurately reflecting his
financial and employment status); *Norris v. Jones*, No. 08 CV 847, Dkt. No. 12 (N.D.
Ill. May 5, 2008) (Guzman, J.) (denying IFP application because Norris indicated he
received no income from any source in the last 12 months, but court noted a
financial ledger showing "two debits in March alone").  Furthermore, even after this
court gave Norris an opportunity to explain the inconsistencies in his November 14,
2016 application, he made no mention in his response of the $1,758 in wages from
employment in March and April 2016 which he listed in his October 17, 2016 IFP
application, but omitted from his most recent application.  (See R. 154 at 2; R. 161
at 1-2; R. 166.)  He also declared in his application that neither he nor "anyone else
living at the same residence" owned any real estate, but then wrote in the margin
that he lives with his mother, who "does own her home and other Rental Property."
(R. 161 at 3.)  Such inconsistencies could be sufficient grounds in themselves for
denying his IFP application.  *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th

Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on IFP application); *Ayoubi v. Dart*, 640 Fed. Appx. 524, 528-29 (7th Cir. 2016) (approving dismissal as a sanction when a litigant has lied to receive the benefit of proceeding IFP, observing that fines would be an ineffective sanction against an indigent plaintiff). However, because Norris's application must be denied at any rate under Section 1915(g), and having already dismissed his case with prejudice because of his failure to comply with the court's previous orders, (R. 131), the court makes no finding at this time regarding whether Norris's omissions were intentional or inadvertent.

### Conclusion

For the foregoing reasons, Norris's application for leave to proceed *in forma pauperis* on appeal is denied.

**ENTER:**

**Young B. Kim**
**United States Magistrate Judge**